[Civ. No. 26963.   Second Dist., Div. One.   Sept. 20, 1963.]

THE PEOPLE ex rel. CITY OF DOWNEY, Plaintiff and Appellant, v. DOWNEY COUNTY WATER DISTRICT, Defendant and Appellant.

Stanley Mosk, Attorney General, Bonnie Lee Martin, Deputy Attorney General, Royal M. Sorensen, City Attorney, and Burke, Williams & Sorensen for Plaintiff and Appellant.

C. F. Culver, Burris & Lagerlof and H. Jess Senecal for Defendant and Appellant.

William T. Sweigert, Schofield, Hansen, Bridgett, Marcus & Jenkins and Thomas M. Jenkins as Amici Curiae on behalf of Defendant and Appellant.

WOOD, P. J.—This case was on appeal in this court in April 1962 (People ex rel. *City of Downey* v. *Downey County Water Dist.*, 202 Cal.App.2d 786 [21 Cal.Rptr. 370]). It is a quo warranto proceeding with respect to the existence of the Downey County Water District. The question on the former appeal was whether the district, by operation of law as a result of annexation proceedings, was merged with the city and was dissolved. By the annexation proceedings the entire area of the district was included within the boundaries of the city. Upon the first trial, the trial court concluded that the district is in existence. Upon the former appeal (by the People), this court reversed the judgment and directed "the trial court to enter a judgment declaring the dissolution of the Downey County Water District as of December 6, 1957."

After receiving the remittitur on the former appeal, the trial court rendered a judgment which provided in substance that:

1. The Downey County Water District did become dissolved and merged with the City of Downey on December 6, 1957.

2. Since said date the district has ceased to exist.

3. The water district is enjoined from exercising any power and authority over any of the territory described in paragraph V of the complaint and in paragraph IV of the answer.

4. As of December 6, 1957, all the property and assets of the water district and the right to possession and control thereof vested in the city, and the same shall be released to the city.

5. All the property and assets owned or controlled by the water district on and since December 6, 1957, have been and now are the property and assets of the city.

6. By such dissolution and merger the contractual obligations and liabilities, including the obligation of any bonded indebtedness, that were the obligations and liabilities of the water district as of December 6, 1957, became and are the obligations and liabilities of the city.

7. It is further ordered that those persons who, since said date, have acted and now are acting as officers and members of the board of directors of the water district, render an accounting of their operations since said date to the city and the court. Upon approval of the accounting and delivery of the property and assets of the water district to the city, said persons who have so acted as officers and directors shall be relieved from any liability arising from their acts as such de facto officers and directors during the period subsequent to said date.

8. Upon the transfer of the water rights, water system, and other assets of the water district to the city as herein provided, said water rights, water system and other properties, facilities, and assets shall be held in trust to the extent necessary to carry out all of the purposes of paragraph 6 of this judgment.

9. All persons employed by the water district on December 6, 1957, and who now remain so employed have been and now are employees of the city.

10. The city shall recover from the water district its costs.

Both parties have appealed from the judgment.

Appellant Downey County Water District contends that the trial court's judgment, rendered after the former appeal,

is not in conformity with the directions of the District Court of Appeal, in that the judgment went beyond a declaration of dissolution of the water district; that the judgment is not in accord with law; that the doctrine of law of the case is not applicable herein, and there are compelling reasons (such as a change in the law, and validating statutes) for redetermining the issue of merger. Said appellant also contends that if merger is to take place, the city is burdened by the same obligations and duties which had been imposed by law upon the water district; that the transfer of assets and obligations to the city, upon merger, require: (a) that the city continue to serve water to the customers of the water district at cost; (b) that the city use the rates and revenues received from the district customers solely for the improvements to and maintenance of the system as it existed at the time of its transfer to the city under the doctrine of merger; and (c) that the assets be held in trust for the benefit of the district inhabitants.

Appellant, City of Downey, contends that the provisions of the trial court's judgment which go beyond the declaration of merger and dissolution are in error; that paragraph 8 of the judgment (to the effect that the city shall hold the district assets in trust) is too restrictive upon the city; that said paragraph should be changed to read that the city "shall distribute water to the inhabitants of the area formerly comprising the Downey County Water District without discrimination and such inhabitants shall have the right to receive the water to the extent they formerly had"; and that to impose restrictions upon the city in the administering and operation of the water system would defeat the purpose of the merger and dissolution of the district, and would prevent the city from forming and maintaining a single unified water system for the entire city.

It seems that a principal object of the appeal by the water district is to obtain a review, and reversal, by this court of its decision in the former appeal that there was a merger by operation of law. That appellant (water district) asserts that the doctrine of the law of the case is not applicable herein because there were two validating statutes (not referred to by counsel on the former appeal) and a subsequent decision in another case which in one respect was contrary to the former decision. One of the validating statutes, relating to county water districts, was enacted in 1958, and the other one, relating to city annexation of territory, was

enacted in 1959. ■ It may be said generally that curative or validating acts are for the purpose of curing procedural or technical defects in organization, and not for the purpose of reviving an entity that has ceased to exist. ■ In the present case it does not appear that those statutes were applicable. The subsequent case referred to is *Baldwin Park County Water Dist.* v. *County of Los Angeles,* 208 Cal. App.2d 87 [25 Cal.Rptr. 167], which was decided by this court. This appellant refers to a statement therein (p. 96) that the ''provisions of the Water Code indicate that the Legislature did not intend that irrigation or water districts should be subject to legislation by counties.'' After referring thereto, appellant argues to the effect that since it was held therein that the power of a county was not sufficient to enable it to regulate a county water district, it follows that the power of a city is likewise inferior to the power of a county water district. In the *Baldwin Park* case the principal question was whether a county ordinance was applicable constitutionally to the plaintiff which was a county water district—the ordinance was to the effect that all public agencies supplying water for domestic purposes shall comply with certain requirements of the county relative to supplying water for fire protection. The question therefore was whether the state had occupied the legislative field of regulating water districts. It was held therein that the state had occupied that field, and that the county ordinance was in conflict with the state legislation. It thus appears that the cases are distinguishable, and that the statement in the *Baldwin Park* case, relative to the Legislature not intending that water districts should be subjected to legislation by counties, is not in conflict with statements on the former appeal herein regarding merger of a water district by operation of law. The doctrine of the law of the case is applicable herein. The opinion on the former appeal covered in detail the points presented regarding the issue of merger, and it does not appear that there are any circumstances which call for a review or change of that opinion and decision.

■ With reference to the contention that the judgment of the trial court was not in conformity with the direction of the court on appeal, it is to be noted (as stated in the city's reply brief) that neither the district nor the city, at the time the trial court was considering the judgment from which this present appeal was taken, raised any objection to the

court's expanding the judgment beyond the precise direction of the District Court of Appeal regarding dissolution of the district. Apparently, as indicated in the city's reply brief (p. 12), at the time the judgment was made there was a belief that the addition of such provisions might avoid further litigation. In any event it appears that in the opinion in the former case the court stated that certain duties and obligations would devolve upon the city as a result of the merger. For example, the former opinion stated (p. 804) that "under the merger the city would not only succeed to all of the property and assets of the extinguished district but would inherit all of its liabilities including the fundamental obligation of the bonded indebtedness." It was also stated therein (p. 796) that "a county water district, as a public agency, holds 'property by virtue of a trust in favor of the state'"; and that "the city by virtue of the transfer of the trusteeship, upon merger, succeeds not only to all of the property and assets of the district held by it in trust, but assumes the trustee's (district's) contractual obligations and liabilities, of which the main one is to supply water." It thus appears that statements in the former opinion constituted bases for provisions in the trial court's judgment. Under the circumstances here, considering the lack of any objection to including additional provisions and considering the declarations in the former opinion on subjects involved in the additional provisions, the trial court did not err in including such provisions.

With reference to appellant city's contention that paragraph 8 of the judgment (regarding trusteeship) was too restrictive, upon the city, it appears that the paragraph was in conformity with the statements in the former opinion regarding the assets being held in trust. This court should not undertake to state in more detail, or in different language (from that adequately stated in the former appeal), the duties and obligations of the city upon merger and dissolution of the district.

Of course, it is realized that there are many details to be worked out regarding the practical manner of changing from one method of operation of the water system to another, but it would seem that, in view of the judicial determinations of the principal rules, the parties should be able to adjust the matter of details.

The judgment is affirmed.

Lillie, J., concurred.